J-A12013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC DENNIS | : | |
| | : | |
| Appellant | : | No. 2844 EDA 2022 |

Appeal from the Order Entered October 24, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006072-2016

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 17, 2023**

Appellant, Eric Dennis, appeals *pro se* from the order entered on October 24, 2022, which dismissed his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant pleaded guilty to third-degree murder and persons not to possess firearms.[1]  On September 11, 2017, the trial court sentenced Appellant to serve the negotiated, aggregate term of 17-and-one-half to 35 years in prison for his convictions.  Appellant did not file a notice of appeal to this Court.

On September 11, 2018, Appellant filed a timely, first PCRA petition. However, after the PCRA court appointed counsel to represent Appellant, the

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 6105(a)(1), respectively.

PCRA court dismissed Appellant's petition on February 15, 2019. PCRA Court Order, 2/15/19, at 1. Appellant did not file a notice of appeal.

On September 28, 2021, Appellant filed a *pro se* "petition for writ of habeas corpus *ad subjiciendum*," where Appellant "challeng[ed] the illegality of his sentence." The PCRA court properly considered Appellant's petition to be an untimely, serial PCRA petition and, on November 18, 2021, the PCRA court dismissed Appellant's second PCRA petition. PCRA Court Order, 11/18/21, at 1; *see also* 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. [The PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*").

On July 25, 2022, Appellant filed the current, *pro se* PCRA petition, which constitutes Appellant's third petition for post-conviction collateral relief. On September 16, 2022, the PCRA court provided Appellant with notice that it intended to dismiss the petition in 20 days, without holding a hearing. PCRA Court Order, 9/16/22, at 1; *see also* Pa.R.Crim.P. 907(1).

Appellant filed a timely response to the PCRA court's Rule 907 notice and claimed that, during the litigation on his first PCRA petition, PCRA counsel abandoned him and provided him with ineffective assistance. *See* Appellant's Response to Rule 907 Notice, 9/30/22, at 2. Within his response, Appellant acknowledged that his petition was facially untimely under the PCRA. *See id.* However, Appellant contended that his substantive claims fell under the

"newly discovered fact" exception to the PCRA's one-year time-bar. *Id.* Specifically, Appellant claimed, the Pennsylvania Supreme Court's recent opinion in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)[2] constitutes a newly discovered fact and enables the PCRA court to consider his claim that PCRA counsel was ineffective during the litigation on his first PCRA petition. *See id.*

The PCRA court finally dismissed Appellant's petition on October 24, 2022 and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court may address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .

---

[2] In *Bradley*, our Supreme Court established the following procedural rule: "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.

*See Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (quotation marks and some citations omitted).

The trial court sentenced Appellant on September 11, 2017 and Appellant did not file a notice of appeal. Thus, Appellant's judgment of sentence became final at the end of the day on October 11, 2017. *See*, *e.g.*, Pa.R.A.P. 903(a). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until October 11, 2018 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's current petition, which was filed on July 25, 2022, is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant purports to invoke the "newly discovered facts" exception to the time-bar. This statutory exception provides:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

. . .

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Regarding the newly discovered evidence exception, our Supreme Court has explained:

subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

To properly invoke this exception, the petitioner is statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court explained, to satisfy this "one year requirement," a petitioner must "plead and prove that

- 5 -

the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." ***See Commonwealth v. Stokes***, 959 A.2d 306, 310-311 (Pa. 2008); ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "one year requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Appellant claims that our Supreme Court's recent opinion in ***Bradley*** constitutes a newly discovered fact, which enables the PCRA court to consider the substantive claims contained in Appellant's third PCRA petition. This claim fails.

As our Supreme Court has held:

> judicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

***Commonwealth v. Reid***, 235 A.3d 1124, 1146 (Pa. 2020) (quotation marks and citations omitted).

Since the ***Bradley*** opinion cannot constitute a newly discovered fact, Appellant's claim immediately fails. ***See***, ***e.g.***, ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) ("[i]t is the petitioner's burden to allege and prove that one of the timeliness exceptions applies"); ***see also*** 42 Pa.C.S.A. § 9545(b)(1).

We note that 42 Pa.C.S.A. § 9545(b)(1)(iii) provides an exception to the PCRA's one-year time-bar, where the petitioner is able to plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). However, as this Court has held, our Supreme Court's opinion in **Bradley** does not satisfy the PCRA's newly recognized constitutional right exception. **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) (holding: "**Bradley** does not provide an exception to the PCRA's time bar"). Therefore, even if Appellant pleaded the newly recognized constitutional right exception to the PCRA's time-bar, we would have still concluded that Appellant's petition was untimely.

Since Appellant did not properly plead any exception to the PCRA's one-year time-bar, we conclude that Appellant's petition is untimely and that our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order, which dismissed Appellant's third PCRA petition without holding a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/17/2023</u>